NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN SANCHEZ-DOMINGO, AKA Domingo Esteban Sanchez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70239<br><br>Agency No. A026-760-211<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015**

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Esteban Sanchez-Domingo, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Sanchez failed to show that he suffered harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone [] constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks and citation omitted). Substantial evidence also supports the BIA's finding that Sanchez failed to demonstrate his fear of future persecution was objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding future fear not objectively reasonable under circumstances of the case). Contrary to Sanchez-Domingo's contention, the record reflects that the BIA considered the 2006 country report. Thus, Sanchez's asylum claim fails.

Because Sanchez failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, we lack jurisdiction to consider Sanchez's suspension of deportation claim because he did not raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d

674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**